1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD J. AMOS, | ) | 1:10-cv-02113-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION (Doc. 14) |
| | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| JAMES D. HARTLEY, | ) | BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | ORDER DENYING AS MOOT |
| _____ | ) | PETITIONER'S REQUEST TO SET |
| | | BRIEFING SCHEDULE (Doc. 13) |

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On October 28, 2010, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1). On December 15, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 6). On January 26, 2011, Petitioner filed a motion to set a briefing schedule to address issues raised by the United States Supreme Court's January 24, 2011 decision in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011) .  (Doc. 13).  On February 14, 2011, Respondent filed the instant motion to dismiss, contending that the petition fails to allege a claim for which habeas relief can be granted.  (Doc. 14).  On March 5, 2011, Petitioner filed his opposition to the motion to dismiss.  (Doc. 16).

        Petitioner challenges the California court decisions upholding a July 24, 2008, decision of the

California Board of Parole Hearings ("BPH").  Generally, Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the record.

I.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as failing to state a claim upon which habeas corpus relief can be granted.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss contends that the petition fails to state claims upon which habeas relief can be granted.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

1   (1997).  The instant petition was filed on October 28,  2010, and thus, it is subject to the provisions

2   of the AEDPA.

3          Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

4   Rehabilitation who is serving a sentence of twenty years and eight months-to-life imposed in the

5   Santa Clara County Superior Court after Petitioner's 1983 conviction for second degree murder and a

6   weapon use enhancement.  (Doc. 1, Attach. 1, p. 5).  Petitioner does not challenge either his

7   conviction or sentence; rather, Petitioner challenges the July 24, 2008 decision of the BPH finding

8   him unsuitable for parole. (Id.).

9          Petitioner raises the following grounds for relief: (1) no reliable evidence supports any reason

10  stated by the BPH for finding Petitioner unsuitable for parole; (2) no nexus exists between the facts

11  found by the BPH to deny parole and Petitioner's current dangerousness; (3) the BPH's decision

12  violates due process; (4) the 2008 psychological evaluation cannot be considered reliable evidence of

13  Petitioner's current dangerousness; and (5) the prison psychologists are mandating confession from

14  Petitioner in order to be considered for parole suitability.  (Id., pp. 9-29).

15         A.  Substantive Due Process Claims And California's "Some Evidence" Standard

16         As discussed more fully below, the claims in the petition sound exclusively in substantive

17  federal due process and therefore are not cognizable in these proceedings.

18         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

19  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

20  he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts

21  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

22  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

23  2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.

24  Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section

25  2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

26  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.

27  Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

28  U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

1  in a decision that was contrary to, or involved an unreasonable application of, clearly established

2  Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

3  was based on an unreasonable determination of the facts in light of the evidence presented in the

4  State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

5       Because California's statutory parole scheme guarantees that prisoners will not be denied

6  parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

7  that California law creates a liberty interest in parole that may be enforced under the Due Process

8  Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

9  606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

10  Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

11  reviewing federal district courts to determine whether California's application of California's "some

12  evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

13  of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

14       On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke,

15  562 U.S.___, ___ S.Ct. ___, 2011 WL 197627.  In that decision, the United States Supreme Court

16  characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California

17  law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause,

18  which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL

19  197627, *2.

20       However, the procedures required for a parole determination are the minimal requirements

21  set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

22  2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

23  claims that they were denied a liberty interest because there was an absence of "some evidence" to

24  support the decision to deny parole.  In doing so, the High Court stated as follows:

25       There is no right under the Federal Constitution to be conditionally released before the

26  _____

27       [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and

28  to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
evidence relied upon in coming to the decision.  Id.

expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...

That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3. The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, all five of the claims in the petition sound in substantive due process and are therefore foreclosed by Swarthout. Review of the record for "some evidence" (Ground One), or for a "nexus" between present dangerousness and certain indicia (Ground Two), for reliance upon the static circumstances of the commitment offense to support denial of parole (Ground Three), or to assess the quality and nature of specific psychological evidence (Grounds Four and Five), are inquiries that, simply put, are no longer within the scope of this Court's habeas review under 28 U.S.C. § 2254, as that scope is defined by the United States Supreme Court in Swarthout. Accordingly, Respondent's motion to dismiss should be granted and the petition should be summarily dismissed.

Moreover, to the extent that the claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

Relying on Superintendent v. Hill, 472 U.S. 445 (1985)(prison disciplinary board decisions must be supported by "some evidence" in the record) and In re Lawrence, 44 Cal.4th 1181 (2008)(California inmates have a liberty interest in parole, created by state law and protected by the California Constitution), Petitioner's opposition argues, in essence, that Swarthout was wrongly decided.  (Doc. 16).  Petitioner contends that because California inmates have a liberty interest in parole, federal courts must retain some habeas authority to review arbitrary deprivations of such liberty interests by the California's prison system.  Petitioner's arguments, however, are better directed to the United States Supreme Court.  This Court cannot chart its own course, but must instead follow the Supreme Court's own directions regarding this issue.  In Swarthout, and in the clearest possible terms, the Supreme Court held that substantive due process claims are not within this Court's habeas jurisdiction.  For this Court, that is the end of the discussion.

B.  Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process.  Petitioner has included a transcript of the BPH hearing.  (Doc. 1, Attach. 2, p. 3 et seq.).  From that transcript, it is clear that Petitioner was present at the BPH hearing (id.), that he had an opportunity to be heard (e.g., id., pp. 16-18; 22),[2] that he was represented by counsel, Cheryl Montgomery, who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 17-47; pp. 69-78), and that Petitioner received a statement of the Board's reasons for denying  parole.  (Doc.

---

[2]For reasons not evident from the transcript, Petitioner, after responding to preliminary questions from the BPH, apparently declined to speak further on his own behalf, declined to answer any questions from the prosecutor, and permitted his attorney to make the entire argument for his parole suitability.  (Id., p. 22; 54).

1, pp. 82-94).

2        According to the Supreme Court, this is "the beginning and the end of the federal habeas

courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 2011 WL 197627.

"The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore,

Respondent's motion to dismiss is correct that, under current United States Supreme Court

precedent,  the instant petition does not present cognizable claims for relief and should be summarily

dismissed.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows: Because Petitioner has already had

an opportunity to brief the issues raised in the <u>Swarthout</u> decision, Petitioner's motion to set a

briefing schedule (Doc. 13), is DENIED as MOOT.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion

to dismiss the instant petition for writ of habeas corpus (Doc. 14), be GRANTED and that the

petition be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief

can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 29, 2011**                              **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE